IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re:<br><br>**AMR ELRAHIMY,**<br><br>Debtor. | **Case No. 23-11097-LSS**<br>**Chapter 7** |
| **GERARD R. VETTER**<br>**ACTING UNITED STATES TRUSTEE**<br>**for REGION 4**<br><br>Plaintiff,<br><br>v.<br><br>**AMR ELRAHIMY**<br><br>Defendant. | **Adversary No.: 24-00023-LSS** |

## JOINT RULE 26(f) REPORT

Plaintiff and Defendant (collectively, the "Parties") submit this joint report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, made applicable in this proceeding pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure. References to "Rule" in this report shall mean the identified rule in the Federal Rules of Civil Procedure unless otherwise stated.

INFORMATION SUBMITTED BY PARTIES

Conference of the Parties. The Parties conferred on March 7, 2024 as required by Rule 26(f).

Requested Deadlines. The Parties request that the following deadlines be included in the Scheduling Order to be entered by the Court:

   a. Deadline to make disclosures required by Rule 26(a)(1) will be made to one another, in writing, signed and served on or before April 17, 2024;

    b. Except for Rule 26(a)(1) disclosures, the deadline to complete all fact discovery is September 30, 2024;

    c. Deadline to make disclosures required by Rule 26(a)(2) and to exchange expert reports, if any, is December 31, 2024;

    d. Deadline to complete expert discovery is February 28, 2025; and

    e. Deadline to file and serve dispositive motions is April 30, 2025.

<u>Estimated Length of Trial</u>.  The Parties estimate that the time required to try this case will be three days.

STIPULATIONS OF THE PARTIES

<u>Changes to Rule 26(f)</u>.  Any changes to the timing, form or requirement for disclosures under Rule 26 are set forth in this Joint Rule 26(f) Report.

<u>Discovery, in General</u>.  The subjects on which discovery may be needed are set forth in the allegations of the complaint, any counterclaim, and any crossclaim filed in this adversary proceeding.  Discovery will be conducted in phases.  All fact discovery will occur first followed by any depositions of experts as set forth above.

<u>Initial Disclosures</u>.  The Parties will serve all disclosures required by Rule 26(a)(1) within the time set forth in Rule 26(a)(1)(C) and (D).

<u>Supplementation of Discovery Responses</u>.  The Parties will supplement their discovery responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

<u>Disclosure or Discovery of Electronically Stored Information</u>.  The Parties have considered electronically stored information ("ESI") in this case, the nature of the claims, the amount in controversy, the relative ability of the Parties to conduct discovery of ESI, the apparent expenses to the Parties, the time that has passed since the time period apparently in controversy, and other relevant factors.  Disclosure or discovery of ESI will be handled as follows:  (a) at this time no forensic clones of any hard drives or other electronic storage media are required; (b) the Parties

may continue to use their computers and electronic storage media in the ordinary course of their business and personal financial matters; (c) the Parties shall not knowingly or intentionally destroy any ESI relevant to this case from the time period January 1, 2010 through the conclusion of this case; the Parties recognize that their searches for documents for this litigation may reset dates and meta-data; and the Parties need neither change nor ascertain their existing computer ESI deletion or overwriting programs, but may not change them without confirming that the change will not cause more deletions or overwriting than the current programs; (d) if any forensic clones are requested hereafter, the cost of such cloning shall be borne by the Party making the request; and (e) ESI shall be searched by the Party responding to discovery in accordance with the discovery rules and copies of responsive documents shall be produced in paper copy, TIFF, PDF format, or such other format as the Parties hereafter agree.

<u>Claims of Privilege or Protection as Trial-Preparation Materials</u>.  At present, the Parties do not anticipate any issues regarding claims of privilege or protection as trial-preparation materials. The Parties have considered Rule 502 of the Federal Rules of Evidence and agree that the disclosure of any attorney-client, work product, or other privileged information shall be deemed inadvertent and not a waiver of any privilege and that such privileged information shall not be used for any purpose.

<u>Limitations on Discovery</u>.  The Parties do not seek to make changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Bankruptcy Rules.

<u>Other Orders for the Court to Issue</u>.  The Parties request that the Court issue a Scheduling Order consistent with the terms set forth in this Joint Rule 26(f) Report.  At present, the Parties do not seek entry of any other orders under Rule 26(c) or under Rule 16(b) and (c).

Exhibits and Witnesses. Each Party understands that (i) it must electronically pre-file its witness list, exhibit list, and all exhibits (except those to be used solely for impeachment or rebuttal purposes) on the Court's docket using CM/ECF as set forth below and Judge Ruark's hearing protocols; (ii) any exhibit that is not pre-filed may be excluded from evidence; (iii) it must attach the exhibits to the exhibit list with each exhibit appearing as a separate attachment and each exhibit labelled and numbered; (iv) it must furnish a complete copy of the witness list, exhibit list, and all exhibits to each other party to the adversary proceeding at the time they are filed; and (v) if the hearing is to proceed by videoconference, it must furnish a complete copy of the exhibit list and exhibits to anyone the party intends to call as a witness to testify.

Use of Deposition Transcripts. A Party's pre-filed exhibits shall include any portion of a deposition transcript that will be offered by the Party in its case in chief, and the Party must identify the witness, date, and line and page references in the deposition transcript that the Party intends to offer. Any other Party must make a counter-designation of other parts of the deposition transcript to be offered, as set forth in Fed. R. Civ. P. 32(a)(6), within the time set forth in the Scheduling Order.

Objections to Exhibits and Witnesses. If the opposing Party does not file timely written objections to pre-filed exhibits and witnesses by the time specified in the Scheduling Order, the exhibits may be admitted into evidence if offered and the witnesses may be allowed to testify if called.

Pretrial Statements. If this proceeding cannot be resolved on dispositive motions or by agreement of the Parties, each Party will file a pretrial statement within the time set forth in the Scheduling Order. The pretrial statement shall comply with Local Bankruptcy Rule 7016-1(b).

Settlement.  The Parties will continue to discuss settlement and to engage in settlement discussions in good faith and the Parties have agreed to discuss settlement within fourteen (14) days of the conclusion of fact discovery.

Consent to Entry of Final Orders and Judgments by Bankruptcy Judge.  The Parties consent to entry of final orders and judgments by the presiding bankruptcy judge on all claims, core matters, and non-core matters in this adversary proceeding.

Conflicts among the Local Bankruptcy Rules, this Joint Rule 26(f) Report and the Court's Scheduling Order.  To the extent there is a conflict among the Local Bankruptcy Rules, the terms of this Joint Rule 26(f) Report, and any Scheduling Order issued by the Court, the terms of the Scheduling Order shall govern.

Dated:  March 15, 2024

*/s/ Lisa Yonka Stevens*
Lisa Yonka Stevens, Bar No. 27728
Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770
(301) 344-6216
Lisa.Y.Stevens@usdoj.gov

*Counsel for Gerard R. Vetter,*
*Acting United States Trustee for Region 4*

*/s/ Jill L. Phillips*
Jill L. Phillips, Bar No. 15223
The Phillips Law Offices, LLC
6301 Ivy Lane: Suite 700
Greenbelt, Maryland 20770
(301) 494-4250
jp@phillipslaweast.com

*Counsel for Amr Elrahimy*

-6-

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on March 18, 2024, a true and correct copy of the foregoing Joint Rule 26(f) Report was served by ECF notification to:

- Jill L. Phillips     jp@phillipslaweast.com, Nicole@phillipslaweast.com

      */s/ Lisa Yonka Stevens*
      Lisa Yonka Stevens